UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>) | No. 1:23-cr-10186-ADB |
| v. )<br>)<br>) | |
| JOAN AVALO-QUEZADA ) | |

### DEFENDANT JOAN AVALO-QUEZADA'S MOTION FOR REVIEW BY DISTRICT COURT JUDGE OF DETENTION ORDER

Now comes the defendant, Joan Avalo-Quezada, before this Honorable Court and respectfully moves, pursuant to 18 U.S.C. § 3145(b), that this Court review and revoke the Magistrate Judge's order detaining him. As reasons and grounds therefor, Mr. Avalo-Quezada states that there are conditions that would reasonably assure that he will appear in Court as required and that he would not pose a danger to the witnesses or any members of the community. Release to his sister as a third-party custodian, a curfew, and location monitoring would so reasonably assure.

### BACKGROUND

Mr. Avalo-Quezada is charged in count 5 of the indictment with violating 18 U.S.C. § 1962(d), alleging Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity in matter No. 1:23-cr-10186-ADB, and with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846 in matter No. 1:24-cr-10281-IT.

**A. The Detention Hearing**

A detention hearing was held on September 5, 2025, before Magistrate Judge Cabell at which the parties proceeded by proffer. (See Ex A; Ex. B). In support of its request, the

1

government proffered evidence in support of its theories as to each indictment, and focused on serious relevant conduct that the government maintained would drive potential sentences in the matters. (Ex. A. at 5-12). The government has alleged that the defendant was involved in acts of violence as relevant to the instant indictment (No. 1:23-cr-10186-ADB), and involved in drug dealing activities in connection with indictment No. 1:24-cr-10281. As to the latter indictment, the government also cited text messages suggesting that individuals were willing to use force to further their drug dealing activities. Id. at 9-11.

Defense counsel responded by highlighting significant weaknesses in the evidence as it related to the relevant conduct pertaining to the instant indictment alleged by the government, and the lack of evidence of any violence occurring in connection with No. 1:24-cr-10281. Id. at 12-15. The defense also pointed out that the most serious allegations pertaining to Mr. Avalo-Quezada involved conduct alleged to have occurred in 2021 such that the remoteness of those events undercut the government's allegations of dangerousness. Id. at 16. Further, Mr. Avalo-Quezada has no adult criminal convictions.

Consistent with Mr. Avalo-Quezada's proposed release plan, in the Bail Report, the Probation Department found that there were conditions of release that could reasonably assure his presence for proceedings and the safety of the community. The defendant proposed being released to reside at his sister's residence in Franklin, Massachusetts. He proposed residing with his sister and her husband, along with Mr. Avalo-Quezada's son who has special needs. He suggested that he be subject to home confinement initially, but with his history of employment in the construction field prior to his arrest, Mr. Avalo-Quezada proposed that his home confinement be converted to a curfew to accommodate employment once he obtained it. Along with various

2

standard conditions of release, as well as a stay away from the critical location, the Probation Department supported Mr. Avalo-Quezada's release.

### B. Detention Hearing Findings

The Court issued its Order of Detention on December 16, 2024. (Ex. B). Under Part II of the Order of Detention Pending Trial, the Magistrate Judge concluded that this case fell under Part B in that there was a rebuttable presumption for detention under 18 U.S.C. § 31429e)(3), with an offense under the controlled substances act that carried a penalty of 10 years or more pursuant to subsection 1. (Ex. B). In Section C, the Court determined that Mr. Avalo-Quezada had rebutted the presumption, but that detention was nevertheless warranted because of other factors. Id. And under Part III of the Order, the Court identified multiple reasons that the government had proven by "clear and convincing evidence that there was no conditions or combination of conditions that will reasonably assure the safety of any other person and the community," and "by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." Id.

The Court explained:

> The defendant is charged with conspiring with others to distribute controlled substances. The defendant in particular is alleged to have played a leading role in distributing controlled substances in Maine. The evidence appears to be fairly strong and includes among other things recorded electronic communications.
>
> The defendant is 27 and has a lengthy and serious criminal record dating back to the age of 13. Among other things, the defendant has been previously charged, either as a juvenile or adult, with assault and battery on a police officer and public employee, assault and battery with a knife, receipt of a stolen motor vehicle, possession of a firearm and ammunition without an FID Card, possession of a firearm without a license, possession with the intent to distribute Class B substances, malicious destruction of property, assault and battery on a family member, strangulation, armed robbery, assault and battery on a pregnant victim, trafficking Class A substances and cocaine, possession with intent to distribute Class D substances, intimidation of a witness, juror or police officer, and

distribution of fentanyl and crack cocaine. The defendant in addition has been charged on multiple occasions with operating a vehicle after a license suspension.

To be clear, the defendant, for reasons that remain unclear, has had every single charge leveled against him either dismissed or "nolle prossed". As such, the court acknowledges that the defendant has not previously sustained any criminal convictions. Still, it cannot be ignored that the defendant has been charged with one or more serious criminal offenses every year since 2011 except for 2018 and 2020. The sheer number and seriousness of the offenses he has faced, and the steadiness of them, raise grave and serious concerns about the defendant's decision-making and the danger that his release would pose to the community. More, the defendant was on court-ordered GPS monitoring for another case for much of the time period covered by the indictment, demonstrating an unserious regard for the need to comply with pretrial release orders. Finally, the repeated charges of operating a vehicle following a license suspension, while admittedly not relatively serious in nature, heighten concerns that the defendant, aware of the ramifications for repeatedly failing to follow the law, would nonetheless choose not to follow conditions imposed by the court if released. Id.

Mr. Avalo-Quezada has been detained in custody at the Plymouth County House of Correction or the Wyatt Detention Facility since his arrest and following the order of detention.

## **ARGUMENT**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, release on personal recognizance is presumed, "unless a judicial officer finds that no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). See also 18 U.S.C. § 3142(b). The Government did not sufficiently show that no set of conditions can reasonably assure Mr. Avalo-Quezada's presence or the safety of people and the community. Mr. Avalo-Quezada, who is presumed innocent of these charges and who has no adult criminal conviction, should be released because there are conditions of release that will reasonably assure both Mr. Avalo-Quezada's appearance in court and the safety of the community.

## I. THE GOVERNMENT FAILED TO SHOW THAT MR. AVALO-QUEZADA WILL ATTEMPT TO OBSTRUCT JUSTICE, THREATEN, INJURE, OR INTIMIDATE, A PROSPECTIVE WITNESS OR ATTEMPT TO DO SO.

The government had failed to establish that Mr. Avalo-Quezada will attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness. Mr. Avalo-Quezada has no adult criminal convictions, and while the Magistrate Judge cited the numerous arrests as raising concerns about the defendant's ability to abide by conditions of release, the criminal charges did not support a finding that he posed a danger to the community.

The government presented evidence of statements from Mr. Avalo-Quezada around 2021 that the government suggests indicate dangerousness, but those statements were remote from the December 2024 hearing, and there was no evidence that any of coercive acts discussed actually occurred. There was no competent evidence submitted that shows that the defendant has engaged in an act of violence or attempted to do so, and thus there was no clear and convincing evidence to support a finding that Mr. Avalo-Quezada posed a danger to the community.

## II. THE GOVERNMENT FAILED TO SHOW A SERIOUS RISK THAT MR. AVALO-QUEZADA WILL FLEE.

The Government also has the burden of showing that there are no conditions or combination of conditions that will reasonably ensure Mr. Avalo-Quezada's presence at future court proceedings. See United States v. Almohandis, 297 F.Supp.2d 404, 405-406 (D. Mass. 2004). Although the charges against Mr. Avalo-Quezada are serious, by themselves they do not justify detention based on flight risk. See United States v. Giordana, 370 F. Supp. 2d 1256, 1264 (S.D. Fla. 2005). Mr. Avalo-Quezada's long-established roots in the Boston area, his family ties, as well as his ongoing responsibilities to his children, including one with special needs, suggest that Mr. Avalo-Quezada has strong ties to the community and thus many reasons to appear at all required Court proceedings. And although the Magistrate Judge cited the numerous *arrests* as

suggestive of the defendant's lack ability to abide by conditions of release, there was no indication that the defendant would fail to appear for Court proceedings. And to the extent there were general concerns about the defendant's ability to abide by conditions, such as his being charged multiple times for driving without a license, the Magistrate Judge's findings did not take into account that the proposed conditions for release included home confinement with GPS monitoring—conditions that would adequately compensate for the Court's concerns.

Mr. Avalo-Quezada is 27 years old and a lifelong resident of Boston, Massachusetts. Prior to his arrest he lived in Charlestown for the past three years with his romantic partner and his three children Ava (2), Nova (2), and Joan Jr. (7). He had previously resided in his familial home with his mother Joselin Quezada and siblings in Hyde Park where the family had lived since 2014. He attended public schools in Boston, and graduated from South Boston Excel in 2017.

Mr. Avalo-Quezada was placed on disability as a juvenile for a number of mental health conditions including depression, anxiety, PTSD, and bipolar disorder. As a young adult Mr. Avalo-Quezada initially did not work and accepted the disability payments, however, by 2022, he felt that he needed to start working and providing meaningfully for his children. In late 2022, he ceased using his medications and began working in capacity as a temporary worker through Resource Options Inc. based out of Needham. He largely worked in construction, and had been working an assignment in New Hampshire for a few months consistently that would have become a permanent position had Mr. Avalo-Quezada not been arrested.

Mr. Avalo-Quezada has no prior criminal convictions. He has a number of adult criminal entries, but all adult matters have been dismissed or for which he was acquitted, save a 2022 case out of the Stoughton District Court charging Possession with Intent to Distribute Class D for

which he received a continued without a finding. Mr. Avalo-Quezada does have a number of delinquency adjudications on his record for which he received DYS commitments in 2011 and 2013.

Mr. Avalo-Quezada seeks an opportunity for release on conditions. He recognizes the seriousness of the allegations, and that he must have a strict release plan to provide this Court with assurances that he can live as a productive member of the community. He is seeking release on home confinement to his sister Daviana's residence in Franklin, where he would reside with his sister, her partner, and Mr. Avalo-Quezada's son. He seeks permission to leave the residence only for medical treatment, legal visits, necessary school meetings involving his son, and for verified employment. His sister, previously wrote this Court and expressed that the family understands the seriousness of the charges Mr. Avalo-Quezada is facing, and his family is committed to providing him with a supportive living environment and with helping him to get "back on track"

Mr. Avalo-Quezada's ties to the community and employment history, as well as his commitment to litigate this matter in Court all require his release from detention. Should the Court have any concerns, there are conditions that the court can impose to address them. Mr. Avalo-Quezada agrees to surrender his passport and not obtain any travel documents, which assuages the Government's contention that "he could easily flee." Mr. Avalo-Quezada does not pose a risk of flight or danger to the community, and the government has not made a sufficient showing otherwise.

Mr. Avalo-Quezada submits that he is an appropriate candidate for release on conditions pursuant to 18 U.S.C. § 3142, and he proposes the following conditions:

1. He be required to reside at his sister's residence in Franklin, Massachusetts, the address of which has been reported to probation.

7

2. That he be subject to home confinement until he is employed. Once employed, the Probation Department should be authorized to set a reasonable curfew that accommodates his work schedule. The Probation Department should also be authorized to allow Mr. Avalo-Quezada to leave the home to seek employment, attend medical appointments, to attend necessary school meetings for his son, and to meet with his attorney.

3. That he be fitted with a G.P.S. bracelet.

4. That he participate in mental health treatment.

5. That he not have contact with his co-defendants.

6. That he be prohibited from traveling outside of Massachusetts.

7. That he abide by all local, state and federal laws.

        Respectfully Submitted,

        Counsel for the defendant,

        */s/ Jason Benzaken*

        Jason Benzaken, Esq.
        Benzaken, Maguire, Sheehan & Wood, LLP
        1342 Belmont Street, Suite 102
        Brockton, MA 02301
        (Tel) 508-897-0001
        (Fax) 508-587-5455
        BBO No. 658869
        jbenzaken@bmswlaw.com

Dated: April 18, 2025

### Certificate of Service

I hereby certify that a copy of this motion has been served upon the parties to this matter and counsel for the United States through CM/ECF.

        */s/ Jason Benzaken*

Dated: April 18, 2025